*B. S. Ulrich* (*Thompson, Cathcart & Lewis* on the brief) for libellee.

---

## TERRITORY *v.* CHANG TAI KUN.

## No. 1312.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. J. T. DeBOLT, JUDGE.

ARGUED AUGUST 3, 1921.                    DECIDED AUGUST 13, 1921.

COKE, C. J., KEMP AND EDINGS, JJ.

EVIDENCE—*erroneous reception not prejudicial when.*

> The erroneous reception of evidence the only tendency of which was to prove a fact so well established by other evidence that it could not have affected the verdict does not constitute prejudicial error.

OPINION OF THE COURT BY KEMP, J.

On January 31, 1919, the defendant Chang Tai Kun, known and referred to in the evidence both as Chang Tai Kun and C. T. Akana, was indicted, the indictment charging that he violated section 4177 R. L. 1915 by knowingly permitting a certain gambling game, to wit, the game known as fan tan, at which money was lost and won, to be played and carried on at those certain premises rented and controlled by said Chang Tai Kun, the same being known as the C. T. Akana tailor shop premises No. 231 N. King street opposite Aala park in said Honolulu. It is alleged

that the gambling was permitted on said premises on January 28, 1919, and during two months last prior thereto. Section 4177 provides: "Every person who * * * knowingly permits any game or games prohibited by sections 4169-4182, to be played, conducted or dealt in any building or vessel owned or rented by such person in whole or in part is guilty of a misdemeanor." Trial was had in the circuit court and resulted in a conviction of the defendant and his sentence to imprisonment for a term of six months. The defendant brings exceptions.

It is conceded that there was ample evidence to warrant the jury in finding that there was gambling at fan tan in the up-stairs rooms of the premises at 231 N. King street known as the C. T. Akana tailor shop at the time alleged in the indictment and for a period of about six weeks next prior thereto and that the defendant knew of such gambling but it is insisted that there was no evidence which would warrant the jury in finding that the defendant rented said rooms. It is also insisted that the description in the indictment of the place where the defendant knowingly permitted gambling at fan tan to be carried on does not include the rooms over the tailor shop but includes only the ground floor or store known as the C. T. Akana tailor shop at 231 N. King street and that there is a variance between the allegations and the proof.

Several of the exceptions relate to the admission of evidence offered by the prosecution to contradict one of its witnesses Lui Koon Chan who, it is claimed by the prosecution, had shown himself to be adverse. Other exceptions of minor importance were saved but they are all overruled without discussion.

It is undisputed that the premises in which the gambling is alleged to have been permitted are owned by the Oahu Railway & Land Company, Limited, and were in 1916 leased by the owner to Lum Chen Hoy for a term to expire

October 31, 1918, but there was no change in the occupancy or rental account so far as the owner knew until the end of February, 1919, the account being carried in the name of Lum Chen Hoy until that date, when it was closed. It is also undisputed that from the early part of 1918 until the end of February, 1919, the premises leased by Lum Chen Hoy were occupied by a copartnership carrying on the business of general merchant tailors under the name of C. T. Akana Company, and that the members of said copartnership were Hong Leong Cho, L. Chen Hoy and the defendant, until January 20, 1919, when the defendant sold all of his interest in said copartnership to Lum Chen Hoy. The defendant testified that he had a lease of the premises in his own name and when he sold his interest in the copartnership it was agreed that he was not to vacate the premises until he had completed his collections and closed up his business and that he was living on the premises on January 29, 1919. Other evidence tending to show that defendant was actively engaged in running the business carried on by the copartnership was produced and according to the testimony of several witnesses he admitted on January 29, 1919, when the place was raided, that he owned the place or ran the place as a gambling joint and that he was running it by himself and had been for about two months. This evidence was sufficient to warrant the jury in finding that the defendant rented the premises where the gambling was being conducted. The fact that the lease from the owner was in the name of another is not inconsistent with that finding.

We find no merit in the contention that the description in the indictment of the place where the defendant knowingly permitted gambling does not include the rooms over the tailor shop. All of the witnesses both for the prosecution and the defendant apparently referred to the premises as a whole, both up-stairs and down-stairs, as the tailor shop.

There is no separate numbering of the two floors and the effect of the defendant's own testimony is that the two floors were used as one place of business. It was apparently conceded at the trial that the description of the premises in the indictment included the upper floor, no mention of this contention being made until the case reached this court.

We have yet to consider the question of whether there was prejudicial error in permitting the prosecution to contradict its witness Lui Koon Chan. It appears that this witness had prior to the trial signed a written statement to the effect that he had been at the Akana place five or six times during December, 1918, and January, 1919, for the purpose of gambling; that he saw C. T. Akana there once or twice while gambling was going on but he was not in the games and that the games played at Akana's were fan tan, pai kau and sup ng hoo. When called as a witness he admitted that he had called at the Akana place three or four times to visit a relative but had never seen any fan tan played there. The witness admitted having signed the statement but said that he did not read it before signing it nor was it read to him; that he thought it was something of no importance and being in a great hurry to attend a dinner he signed it in order to get away. The prosecution then offered, and was permitted over the objection of the defendant, to introduce in evidence the written statement of this witness. The argument on the exceptions to this ruling has taken a very wide range but we think it is sufficient answer to the objections raised to point out that the only effect detrimental to the defendant which this evidence could have had would be to show that there had been gambling carried on at the premises in question and that this fact is so thoroughly proven by other evidence in the case that it could not have affected the verdict and was therefore not prejudicial to the rights of the defendant.

For the reasons pointed out we think all of the exceptions should be overruled and it is so ordered.

*H. E. Stafford,* Third Deputy City and County Attorney (*W. H. Heen,* City and County Attorney, with him on the brief), for the Territory.

*E. C. Peters* (*Peters & Smith* on the brief) for defendant.